IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CRAIG DONNELL JOHNSON, #250-030<br>    Petitioner | * |
| | * |
| v. | CIVIL ACTION NO.   AMD-07-1614 |
| | * |
| RODERICK R. SOWERS, et al.<br>    Respondents | * |
| | *** |

**MEMORANDUM**

On June 13, 2007, petitioner Craig Donnell Johnson filed the instant habeas corpus petition[1] seeking to vacate his April 6, 1995, convictions in the Circuit Court for Baltimore City for assault with intent to murder, armed robbery and use of a deadly weapon.[2]  Respondents have filed their answer and petitioner has filed a response. Paper Nos. 10 and 13. The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(d) & (e)(2). For the reasons that follow, the petition will be dismissed as time-barred.

As previously noted, petitioner did not seek certiorari in the Supreme Court.  Thus, his convictions became final on November 21, 1996, after the time for seeking certiorari expired.

On October 28, 1997, petitioner initiated post-conviction proceedings in the Circuit Court for Baltimore City. Paper No. 10, Exhibits 1 and 4. Following amendment of the petition and a

---

[1] The petition, dated June 13, 2007, was received by the Clerk on June 18, 2007.  For purposes of assessing the timeliness of the petition under 28 U.S.C. § 2244(d)(1)-(2), it will be treated as "received" on the signature date, June 13, 2007.  *See Houston v. Lack*, 487 U.S. 266 (1988)*; United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of "prison mail-box rule").  Petitioner's request to proceed in forma pauperis (Paper No. 2) shall be granted.

[2] On April 11, 1995, petitioner was sentenced to 18 years incarceration for assault with intent to commit murder, ten years consecutive for robbery with a deadly weapon, and eight years concurrent for the weapons charge. Paper No. 10, Exhibits 1 and  2. The Court of Special Appeals of Maryland affirmed the convictions on April 10, 1996.  *Id*., Exhibit 2.  The mandate issued on May 10, 1996. *Id*. Certiorari was denied by the Maryland Court of Appeals on August 23, 1996.  *Id*., Exhibit 3.  Petitioner did not seek certiorari in the United States Supreme Court.

hearing, relief was denied by the circuit court on November 17, 1998. *Id*. Petitioner did not seek leave to appeal the dismissal of the post-conviction petition within the 30 days provided by law. *Id.*, Exhibit 1; *see also* Md. Rule 8-204 (b) (2) (2007). Petitioner has had no other post-conviction or collateral review proceedings pending in the state courts. Paper No. 10, Exhibit 1.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 modified the scope and context of federal habeas corpus review of state court convictions. Among the changes was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. *See* 28 U.S.C. §2244(d). This one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 329-30 (4th Cir. 2000).

The limitations period set forth in 28 U.S.C. § 2244(d) began to run in petitioner's case on November 21, 1996, and was stayed more than 11 months later, on October 28, 1997, when petitioner initiated post-conviction review. Post-conviction review was completed on December 17, 1998. Petitioner then waited nearly a decade before initiating federal habeas corpus review. He suggests his federal petition was delayed due to his lack of legal knowledge. Paper No. 13. Lack of legal knowledge does not serve to toll the statute of limitations. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Plainly, the petition is time-barred. It shall be dismissed by separate order.

Date: November 13, 2007                    /s/
                                           Andre M. Davis
                                           United States District Judge